IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MARJORIE A. CREAMER
a/k/a THE HUSH,

        Plaintiff,

v.                                                        Case No. 13-4125-JTM

LARNED STATE HOSPITAL and
HIGH PLAINS MENTAL HEALTH,

        Defendant.

## MEMORANDUM AND ORDER

Plaintiff Marjorie A. Creamer has filed a Motion for Reconsideration (Dkt. 10) and Amended Motion for Reconsideration (Dkt. 11), each seeking the court to reconsider its order dismissing the claim and entering judgment against her.

Creamer filed her complaint on October 29, 2013. The court granted her in forma pauperis status and then entered a show cause order requiring her to set forth reasons why her action should not be dismissed for failure to state a claim. *See* Dkts. 6 &7. Specifically, the court noted that although Creamer claimed unlawful discrimination under the Americans with Disabilities Act of 1990, she failed to "plead an area of public life in which she was discriminated against on the basis of a disability." Dkt. 7. The court required Creamer to provide good cause for continuing her case by December 18. On December 20, having received no response from Creamer, the court dismissed her claim for failure to state a claim and entered judgment against her.

Creamer filed a notice of her appeal to the U.S. Court of Appeals for the Tenth Circuit on December 23, 2013. Dkt. 12. She filed the motion and amended motion currently before the court on December 24 and 26, respectively. On January 2, 2014, the Tenth Circuit abated briefing in Creamer's appeal until this court's disposition of her motion and amended motion. Dkt. 14.

Any party may file a motion asking the court to reconsider an order or decision. D. Kan. Rule 7.3. A motion to reconsider a dispositive order must be filed pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. *Id.* A party seeking to alter or amend a judgment must file the motion within twenty eight days after the entry of judgment. Fed. R. Civ. P. 59(e). The court will not reconsider its prior judgment unless (1) there is an intervening change in controlling law; (2) new evidence is available; or (3) there is a need to correct clear error or prevent manifest injustice. *First State Bank v. Daniel & Associates, P.C.*, 491 F. Supp. 2d 1033, 1035 (D. Kan. 2007) (citing *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)). Reconsideration is appropriate when the court has misapprehended the facts, the controlling law, or a party's position. *Id.* However, a motion to reconsider is not a tool to raise issues already addressed or advance arguments that could have been raised in prior briefing. *Id.* Whether to grant or deny a motion for reconsideration is committed to the court's discretion. *Marx v. Schnuck Markets, Inc.*, 869 F. Supp. 895, 897 (D. Kan. 1994) (citations omitted).

Creamer has timely filed her motions to reconsider. The amended motion appears to make some minor changes to the initial motion, so the court considers the amended motion as superseding the initial motion. As a result, the initial motion is

moot. Turning to the amended motion, the court finds nothing in the motion that would justify reconsideration of its order dismissing Creamer's claim. It merely adds immaterial facts and does not address the defect in Creamer's complaint identified by the court. As a result, the court denies the amended motion.

IT IS THEREFORE ORDERED this 14th day of January, 2014, that Creamer's Motion for Reconsideration (Dkt. 10) and Amended Motion for Reconsideration (Dkt. 11) are denied.

s/J. Thomas Marten
J. THOMAS MARTEN, JUDGE